Judgment rendered August 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,845-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| DICKEY PORTER AND DORIS PORTER | Plaintiffs |
| versus | |
| JOSHUA ROBERT MCGUFFEE SERVICE FIRST, INC. AND TRAVELERS PROPERTY AND CASUALTY | Defendants |

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2020-1891

Honorable Jefferson Bryan Joyce, Judge

* * * * *

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD<br>By: Celeste D. Elliott<br>  Seth A. Schmeeckle<br>  Tina L. Kappen | Counsel for Appellant, Travelers Property Casualty Company of America |
| STEWART LAW GROUP, LLC<br>By: Arthur L. Stewart | Counsel for Plaintiffs, Dickey Porter and Doris Porter |
| J. MICHAEL RHYMES | |

ROUNTREE LAW OFFICES  
By: James A. Rountree

CASTEN & PEARCE, APLC  
By: Marshall R. Pearce

HAMMONDS, SILLS,  
ADKINS & GUICE  
By: Neal L. Johnson, Jr.

Counsel for Appellees,  
Service First, Inc., and  
Joshua McGuffee

Counsel for Appellee,  
State Farm Mutual  
Automobile Ins., Co.

\* \* \* \* \*

Before STONE, COX, and ROBINSON, JJ.

**COX, J.**

This appeal arises out of the Fourth Judicial District Court, Ouachita Parish, Louisiana. Dickey Porter and Doris Porter filed a personal injury suit against Joshua McGuffee, Service First, Inc. ("Service First"), and Travelers Property and Casualty Company ("Travelers"). Travelers filed a motion for summary judgment arguing it did not provide coverage for the accident. The trial court granted the motion for summary judgment. Mr. McGuffee and Service First now appeal. For the following reasons, we reverse.

## FACTS

Mr. McGuffee is an employee of Service First and drove a vehicle owned by Service First as part of his job. Travelers provided automobile insurance to Service First's fleet of vehicles.

On July 17, 2020, Dickey Porter and Doris Porter filed a petition for damages against Mr. McGuffee, Service First, and Travelers and alleged the following facts and damages:

On August 15, 2019, Mr. Porter was driving his 2006 Harley Davidson motorcycle on I-20. Mr. Porter turned on his right turn signal and began slowing down to exit the interstate when he was rear-ended by Mr. McGuffee, who was driving a 2011 Chevrolet Silverado ("2011 Chevy") owned by Service First. Mr. Porter fell off his motorcycle and rolled into the middle of I-20. Mr. Porter was able to get up and move out of traffic. Mr. Porter alleged that his whole body was injured, specifically his shoulders, hips, and dominant right hand. He stated he has had two surgeries on his right hand, but he has effectively lost all use of the hand.

Mr. Porter claimed to continually suffer from pain throughout his body and stated he is still required to take medication as a result of his injuries.

Mrs. Porter claimed she suffered great emotional distress and the loss of services and society of her husband including the loss of his services in helping maintain the marital domicile (which includes five acres of land). The Porters requested the following relief: medical expenses, loss of services and society, mental and emotional distress, all costs of these proceedings, and legal interest from the date of judicial demand.

Service First filed an answer, in which it requested a jury trial, denied the allegations, and asserted comparative fault. Travelers filed its answer and denied the allegations. Travelers asserted several defenses in its answer, including that Mr. McGuffee was not driving a covered auto and the plaintiffs' claims are barred due to a "Change Endorsement" effective January 18, 2019. Service First and Mr. McGuffee filed an answer and cross/third-party claim, denied the allegations, and stated that if the truck was not insured, it was due to a clerical error and Travelers still has a duty to defend. Service First and McGuffee requested that the plaintiffs' demands be denied at their costs and Travelers be required to defend or pay defense costs and indemnify Service First.

Travelers filed an answer and asserted defenses to Service First's and Mr. McGuffee's crossclaim, denied the allegations, and stated that there was no insurance coverage on the truck and Mr. McGuffee was not an "insured" because he was not driving a covered vehicle.

On February 4, 2021, the Porters filed their first motion to amend their petition. They agreed that the truck should still be covered by Travelers' insurance policy, but if not, Service First's commercial general liability

("CGL") insurance policy should cover the negligent action of removing the insurance coverage of the truck. The Porters added as a defendant The Travelers Indemnity Company of America ("Travelers Indemnity"), Service First's GCL insurer.

Travelers filed an answer to the amended petition, reasserted that the truck was not a covered auto, and denied liability coverage. Travelers Indemnity filed an answer and stated that the CGL insurance policy itself is the best evidence of its contents. Travelers Indemnity denied any liability to the plaintiffs and stated the claims fall outside the scope of coverage of the CGL policy due to the automobile exclusion.

On April 28, 2022, the Porters amended their petition to include State Farm Mutual Automobile Insurance Company ("State Farm"), Mr. McGuffee's personal auto liability insurer. Travelers and Travelers Indemnity filed separate answers, denying liability. State Farm answered and stated that it did not issue coverage to Mr. McGuffee for the operation or use of the 2011 Chevy owned by Service First.

Service First and Mr. McGuffee filed an answer and alleged that Mr. Porter's "erratic" attempt to turn caused the accident. They stated that in the list of covered vehicles, the 2011 Chevy was listed directly below an unused 2011 Chevrolet truck, and the 2011 Chevy was inadvertently marked out instead of the unused 2011 truck. They stated they were not given notice that the truck insurance was canceled. They again requested that Travelers provide their defense in the suit.

On October 10, 2022, State Farm filed a motion for summary judgment, asserting that the auto accident was not covered under Mr. McGuffee's insurance. On November 11, 2022, Travelers Indemnity filed a

motion for judgment, asserting their auto exclusion precludes coverage of the accident. These motions for summary judgment are not contested on appeal.

On November 15, 2022, Travelers filed its motion for summary judgment, asserting that it should be dismissed because there was no coverage of the 2011 Chevy under the auto policy. Travelers included the affidavit of David Stewart, who stated he is a managing director of the Travelers group of insurers. Mr. Stewart provided a copy of the auto policy, effective September 18, 2018 through September 18, 2019, a copy of the policy change request submitted by or on behalf of Service First, and a copy of the insurance cards. Stewart stated the requested changes were effective January 18, 2019, and Travelers returned $2,477 in premiums to Service First for removing the vehicle from coverage.

Travelers also attached the deposition of Jeff Alford, CEO of Service First. He stated that either he or another employee of Service First requested to have "Vehicle 8" removed from service. He stated the removal was an accident because the truck listed below "Vehicle 8" was supposed to be removed due to it no longer being in use. He stated that his insurance agent was the first to notice that the truck was not covered by insurance after the accident, but he was uncertain how Travelers would handle the claim. Mr. Alford stated that his agent thought the truck that was removed from insurance was the truck that was no longer in service.

Service First opposed Travelers' motion for summary judgment. Service First attached a list of disputed facts and the affidavit of Mr. Alford. Mr. Alford stated that at the beginning of 2019, four trucks were covered by insurance but not in use for various reasons, one of those was a 2011 Chevy

4

Silverado with the VIN number ending in 3740. However, Travelers uses a different numbering system than Service First. For instance, the 2011 Chevy was listed as vehicle 26 on Service First's records and vehicle 8 on Travelers' list. Mr. Alford stated that he confirmed with Service First's insurance representative, Rhonda Crooks, that they were both attempting to remove the truck with the VIN number ending in 3740 when they removed the 2011 Chevy "by mutual error."

Mr. Alford stated that when Service First canceled liability insurance on vehicles in the past, he routinely received a notice from the State of Louisiana to provide proof of insurance or surrender the license plate. He stated that he received no notice of the cancelation of the 2011 Chevy from the State of Louisiana. He stated that if Travelers had correctly notified the State, the error would have been corrected immediately. The affidavit of Margarette Danna, an officer and shareholder of Service First, was also attached, in which she reiterated the statements by Mr. Alford.

Service First also attached a notice of cancelation of liability insurance from the Louisiana Department of Public Safety and Corrections that it received after cancelation of another vehicle's insurance.

The Porters also opposed Travelers' motion for summary judgment. The matter was argued on January 18, 2023. On February 2, 2023, the trial court put its ruling and reasons for ruling on the record. Regarding Travelers' motion, the district court stated:

> It is clear the subject truck was removed from the policy prior to the accident. The Court is convinced that removal was in error. However, to reform the policy and provide coverage the mistake must be mutual by both parties… Neither plaintiff nor Service First can point to any evidence that Travelers committed error in the removal of the truck from its list of insured vehicles… There is no evidence of mistake by

5

Travelers… There's no evidence of any fraud… They argue, if the Travelers -- if Travelers had complied with its duty to notify the State Service First would have received a notice, corrected the policy mistake immediately after receiving notice, thus, Travelers contributed to the mistake. That argument is that the failure to report was a mistake creating a mutual error. The statute does seem to mandate an insurance company shall notify the State when a vehicle is no longer insured… Much of this argument is speculation. It assumes the State would have sent out a notice. There's no real evidence that Service First relied on this procedure to cure any error. The Court is of the opinion that Travelers did have a duty to notify the State, however, whether or not that would have resulted in Service First taking some remedial action is speculative. There is no significant evidence that Service First relied on this mistake. The Court is of the opinion that there is no showing that such an error by Travelers was enough to create a mutual error or mistake… the Court finds that if there is no coverage, there is no duty to defend. The Court accepts Service First statement that there was no intention to operate this truck without insurance. The evidence supports that position, however, neither Service First nor the plaintiff can support its argument that there was mutual fault, thus reforming the policy. It does not appear to be a genuine issue of material fact. It may not be equitable, but it appears to be legally correct. Travelers' motion for summary judgment is granted.

On March 8, 2023, the district court signed its judgment regarding all three motions for summary judgment. The district court granted the three motions for summary judgment and dismissed the Porters' claims against the three insurance companies with prejudice. The district court also dismissed the crossclaims of Service First against Travelers with prejudice.

Service First filed a motion for new trial, which was denied. Service First now appeals the granting of Travelers' motion for summary judgment. The motions for summary judgment in favor of Travelers Indemnity and State Farm have not been appealed.

## DISCUSSION

Service First argues that the trial court erred in granting Travelers' motion for summary judgment. It asserts that the trial court incorrectly

concluded that Travelers' insurance policy did not provide coverage for the accident and Travelers did not have a duty to defend.

A *de novo* standard of review is required when an appellate court considers rulings on motions for summary judgment, and the appellate court uses the same criteria that governed the district court's determination of whether summary judgment was appropriate. *Sepulvado v. Travelers Ins. - Charter Oak Fire Ins. Co.*, 52,415 (La. App. 2 Cir. 11/8/18), 261 So.3d 980. A court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L. Ed. 2d 130 (2014); *Green v. Brookshire Grocery Co.*, 53,066 (La. App. 2 Cir. 9/25/19), 280 So.3d 1256. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Green v. Brookshire Grocery Co., supra*.

The interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved on motion for summary judgment. *Jumper v. State Farm Mut. Auto. Ins. Co.*, 54,184 (La. App. 2 Cir. 3/9/22), 335 So.3d 1001. The starting point in analyzing insurance policies is the

principle that the policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Id.* Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Id.*

"As other written agreements, insurance policies may be reformed if, through mutual error or fraud, the policy as issued does not express the agreement of the parties." *Samuels v. State Farm Mut. Auto. Ins. Co.*, 06-0034 (La. 10/17/06), 939 So.2d 1235, *citing* William Shelby McKenzie and H. Alston Johnson, III, *Louisiana Civil Law Treatise: Insurance Law and Practice,* Vol. 15, § 5, p. 14 (2nd Ed. 1996). In the absence of fraud, the party seeking reformation has the burden of proving a mutual error in the written policy. *Id.* Parole evidence is admissible to show mutual error even though the express terms of the policy are not ambiguous. *Id.*

Service First alleged a mutual mistake in the removal of the 2011 Chevy that Mr. McGuffee was driving. Service First has never denied that its representative drew a line through the 2011 Chevy, but it argues that it was a clerical mistake because there were two 2011 Chevy trucks and only one was in operation. Service First stated that it continued to pay insurance premiums on the number of trucks operating in its fleet. Service First also argued that if Travelers had sent the insurance cancelation to the Louisiana Office of Motor Vehicles, Service First would have been aware of the mistake when the Office of Motor Vehicles requested the license plate of the 2011 Chevy.

Travelers' position is that there is no coverage because the truck was removed from the policy by Service First. Travelers argued that Service First could not prove any mistake on their part for the mistake to be mutual. The trial court agreed with Travelers that the vehicle was removed, therefore there is no coverage.

This case is presented to us at the summary judgment phase. Therefore, we have conducted a *de novo* review and find that material facts prevent the granting of Travelers' motion for summary judgment.

Each allegation of a clerical error or mutual mistake must be analyzed on the facts of each case. Here, Service First communicated with its insurance agent the need to remove inoperable vehicles from their insurance policy. Service First's list of vehicles was organized in a different manner than Traveler's list of the same vehicles. Service First thought the correct vehicles were marked out but inadvertently crossed out the incorrect 2011 Chevrolet truck. Service First communicated with their agent, gave the agent the list, and the agent submitted the list to Travelers. Travelers argued that it had no way of knowing the incorrect truck was removed. This creates a genuine issue of material fact. An agent sold Service First the Travelers' policy and was involved in the removal of the inoperable vehicles. Therefore, there is a question of that agent's knowledge and whether it is imputed to Travelers.

In addition to whether the agent's knowledge was imputed to Travelers, we have an issue of whether Service First relied on the Office of Motor Vehicles' request for license plates after insurance was canceled. The trial court stated that it did not find that Service First relied on the license plate request. Through affidavits from Mr. Alford and Ms. Danna, Service

9

First showed that it has received license plate requests in the past after canceling insurance on a vehicle. Service First stated that if it received the request from the Office of Motor Vehicles, it would have been on notice to correct the mistake. Service First stated it would have caught the error when attempting to return the requested license plate. This shows that the license plate request was confirmation of the proper vehicles being insured. We find this fact sufficient to show a genuine issue of material fact regarding whether the vehicle should be covered under the fleet.

This is not a case where an insured has not paid the applicable premium after accidentally removing a vehicle. Service First has continued to pay its insurance premiums on its fleet of vehicles and received insurance cards that stated the "fleet" was insured. Individual cards with the make, model, and VIN numbers of the vehicles were not issued for each vehicle in the covered fleet.

This is not a case of interpreting a policy provision without the need to consider outside facts. This case presents a unique set of facts regarding the error and the systems to catch or see the error after the fact. The intention and credibility of the parties will be necessary in determining the liability of Travelers. For these reasons, we find this matter is best resolved at a trial on the merits, not on a motion for summary judgment.

## CONCLUSION

For the reasons expressed above, we reverse the granting of Travelers Property and Casualty Company's motion for summary judgment and remand to the trial court for further proceedings. Costs associated with this appeal are cast on Travelers Property and Casualty Company.

**REVERSED.**

10